UNITED STATES BANKRUPTCY COURT
Western District of Michigan

RE

KENNETH L. WYRICK and
SANDRA K. WYRICK,             Case No.: 19-00198
           Chapter 12
3458 South St. Clair Road            Hon. Scott W. Dales
St. Johns, MI 48879,
SS# xx-1816
SS# xx-3429

           Debtor(s)
_____/

# CHAPTER 12 PLAN OF REORGANIZATION

The Debtors, Ken and Sandy Wyrick, for their Chapter 12 Plan, set forth the following:

## INTRODUCTION

The Plan of the Debtor(s) outlined and stated below will call for certain payments to begin immediately and others to be delayed. The Debtor(s) plan for reorganization is based on the following factors:

A. The timing of plan payments is based upon expected increases in milk production, an expected sale of real estate, and dairy market conditions.

B. The Plan is proposed in good faith and not by any means forbidden by law pursuant to 11 USC §1225. Projections, if any, are made in good faith.

C. To the best of Debtor(s) knowledge, the Plan comports with all provisions of the Code.

D. All values are based upon good faith estimates and/or previous agreements between certain creditors, and are based upon timing of confirmation.

E. The term of the plan is 55 months.

F. All unsecured, and/or under secured, claims and creditors, with allowed claims, will be paid not less than the amount that would be paid on such claims if the estate of the Debtor were liquidated under chapter 7. The dividend funded within this plan will pay general unsecured claims 100% of the filed and allowed claim(s).

G. Unfiled claims, and/or claims not allowed, will/may be discharged under 11 USC section 1228 (a) or (b) upon completion of payments under this plan, and/or if a discharge is granted by the court.

## ARTICLE 1
## PLAN PAYMENTS

The Debtor(s) shall make payments to the trustee's office on the following schedule throughout the life of this Plan:

- ♦ $12,600 per month starting after August 1, 2019 with subsequent monthly payments continuing for 55 months beyond the Effective Date, or until plan completion, but not to exceed 60 months.

- ♦ —reserved---

- ♦ Lump sum payment–The Debtors shall be permitted to make a lump sum payment, if necessary, to complete all payments provided for under this plan. This provision is in addition to, and not in substitution of, regular plan payments as set forth above.

## ARTICLE 2
## DEFINITIONS

Allowed Claim shall mean a Claim in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by Rule 3001 as to which no objection to the allowance thereof has been raised within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

Claim shall have the meaning as set forth in 11 USC Sec. 101 and include any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor(s) in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, not matured, disputed, undisputed, legal, secured and unsecured.

Allowed Secured Claim shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor(s) has/have an interest, or which is subject to set off under Section 553 of the Code, to the extent of the value (determined

in accordance with Section 506 (a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor(s) interest in such property or to the extent of the amount subject to such set off, as the case may be.

<u>Allowed Undersecured Claim</u> shall mean the difference between a creditor's Allowed Claim less such creditor's Allowed Secured Claim, and for which no lien, security interest or other charge against or in property in which the Debtor(s) has/have an interest is held.

<u>Allowed Unsecured Claim</u> shall mean the Allowed Claim of a creditor for goods or services to Debtor(s) prior to Debtor(s) filing this Chapter 12 case, which is not secured by lien, security interest or other charge against property of the estate, or subject to set off pursuant to Section 553 of the Code.  This definition may include undersecured claims.  This definition shall not include tax claims given priority status and treatment.

<u>Effective Date</u> , as set forth in Article 10, shall be the date on which the order confirming the Plan becomes a Final Order.

<u>Final Order</u> shall mean an order or a judgment of the Court which has not been appealed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

<u>Petition Date</u> shall mean the date on which the Debtor(s) filed a voluntary Chapter 12 Petition with the Court, January 17, 2019.

<u>Plan</u> shall mean this Chapter 12 Plan of Reorganization in its present form or as may hereafter be amended, modified, or supplemented in accordance with the terms hereof or in accordance with the Code.

## ARTICLE 3
## TRUSTEE'S FEE AND ACCOUNTINGS

The Debtor(s) hereby submit future income to the supervision and control of the trustee, pursuant to 11 USC 522 (a)(1).  The Debtors agree to pay the trustee's fee pursuant to statute for all disbursements paid through the plan.  The Debtors hereby commit future disposable income, as defined in 11 U.S.C. Section 1225(b)(2), during the course of the plan for payment to unsecured creditors.

Post-confirmation, the Debtor(s) shall report income and expenses to the trustee on an annual basis.  A copy of future tax returns will be supplied to the trustee at the time of filing.  The Debtor will be in compliance with this annual reporting requirement by providing the trustee with a copy of their federal tax form 1040, or by providing the trustee with an annual income

statement prepared in accordance with generally accepted accounting principles.

## ARTICLE 4
## ADMINISTRATION AND PRIORITY CREDITORS

The administrative expenses of the Debtor(s) Chapter 12 case allowed pursuant to Section 503 (b) of the Code and each Allowed Claim entitled to priority pursuant to Section 507 (a) (2) or (6) of the Code shall be paid in full in deferred cash payments, pursuant to 11 USC 522 (a)(2), unless otherwise ordered by the Court, or upon such other terms as may be agreed upon by the holder of such allowed expense or Allowed Claim and the Debtor(s).  Where required by the Code and upon approval by the Court, Debtor(s) shall pay all administrative expenses on a current basis.  These claims shall be unimpaired.

The allowed claim of the Debtor's attorney, if any, will be paid by the trustee from the first funds received, after payments to monthly secured creditor claims (Classes 3, 5, 6, and 11) and prior to priority, other secured, and other general unsecured claims.

## ARTICLE 5
## CLASSIFICATION AND TREATMENT OF CLAIMS

**Class 1–Clinton County Treasurer:**   All Proof of Claims filed by the Clinton County Treasurer (creditor) shall be paid in full, unless any of the claims have been disallowed by order. Creditor shall retain all liens.

Interest shall accrue at the statutory rate.  The claim shall be paid in full from anticipated real estate proceeds by the sale closing agent.  Prior to the real estate sale, the chapter 12 trustee shall disburse all net funds received, after payments to monthly secured and approved administrative expenses, to payment(s) on these claims.  The treasurer has file approximately 22 separate claims, and the trustee shall have full discretion to prioritize repayment among them.

**Class 2 - Shiawassee County Treasurer:**   All allowed claims, or Proof of Claims filed on behalf of the Shiawassee County Treasurer (creditor) shall be paid in full, unless any of the claims have been disallowed by order.  Creditor shall retain all liens.  The property subject to this creditor's claim will be sold pursuant to this plan.

Interest shall accrue at the statutory rate.  The claim shall be paid in full from anticipated real estate proceeds by the sale closing agent. The chapter 12 trustee shall make no payment(s) on the claim(s).

**Class 3 -Isabella Bank:**        Claims Register #1

The claim of Isabella Bank (creditor) shall be paid in full. Creditor shall retain all liens. The trustee shall pay $10,092.40 per month, beginning in the month following the Effective Date, and prior to the anticipated sale of real estate. Beginning in the month after the real estate closing, the trustee shall pay $5114.73 per month until the chapter 12 is completed. The Debtors shall make monthly payments of $5114.73 per month, after chapter 12 completion, until the claim has been paid in full. The claim will/may continue to be paid beyond the term of the plan.

Prior to the real estate sale, Isabella Bank shall apply the funds received, to the five notes, as set forth in the party's prior agreement (Doc 34).

The real estate sale proceeds, that are paid to Isabella Bank, after payment of the bank's costs, as may be allowable under Bankruptcy Code section 506 (b), shall be applied to first pay off loan #2452049, then to pay off loan #2439077, then to pay down loan #1722964. After the closing of the real estate sale, monthly payments shall again be applied as set for in Doc 34 to the remaining unpaid notes.

The proceeds of equipment, to be sold under Article 11 of the plan, will be paid directly to creditor as a special principal payment(s) to be applied to short term, equipment loans; first to loan #2439077, and then at the creditor's discretion.

**Class 4 - Internal Revenue Service:**        Claims Register #15

The claim, or amended claim, as allowed, shall be paid in full, plus statutory interest, prior to plan completion. The chapter 12 trustee shall make all payments on the claim.

**Class 5 -CNH Industrial:**        Claims Register #18

The Undersecured Claim of CNH Industrial Capital America, LLC (creditor) shall be paid in full. Creditor shall retain all liens.

Interest shall accrue from the date of the claim at the contract rate of 3.9% per annum. The claim will be repaid in 48 equal monthly payments of $400 beginning in the month following the Effective Date. All payments will be made by the chapter 12 trustee. No attorney fees, costs, nor late fees shall be added to the claim; the claim, as filed, is undersecured.

**Class 6 -Mid Atlantic Farm Credit, ACA:**        Claims Register #20

The Undersecured Claim of Mid Atlantic Farm Credit, ACA (creditor) shall have an Allowed Secured Claim of $63,729.26.  Creditor shall retain all liens.

Interest shall accrue from the Effective Date at the contract rate of 4.55% per annum.  The claim will be repaid in 84 equal monthly payments of $888 beginning in the month following the Effective Date.  Payments will be made by direct milk check assignment.  No attorney fees, costs, nor late fees shall be added to the claim; the claim, as filed, is undersecured.  The claim will/may continue to be paid beyond the term of the plan.

**Class 7 - Caterpillar Financial:**      Claims Register #21

The claim of Caterpillar Financial Services Corporation (creditor) shall be paid in full, plus interest at the contract rate from the date of the claim.  Creditor shall retain all liens. The trustee shall pay $971 per month, for 30 months, in full satisfaction of the claim.

**Class 8 - Ronald Arens:**      Claims Register #33   ( filed as an unsecured claim, an existing pre-petition assignment of milk proceeds was omitted from the filed claim)

The claim of Ronald Arens (creditor) shall be paid in full, plus interest at 5% per annum.  The claim shall continue to be paid direct by monthly milk check assignment of $1250 until paid in full.  The trustee shall make no payments on the claim.  The claim will/may continue to be paid beyond the term of the plan.

**Class 9 - The Andersons:**      Claims Register #38

The Undersecured Claim of The Andersons (creditor) shall be treated as an Allowed Secured Claim of $49,160.12.  Creditor shall retain all liens.

Interest shall accrue on the claim, from the Effective Date, at 5% per annum.  The claim will be fully repaid in 60 equal  monthly payments of $906 beginning in the month following the Effective Date.  Sixty (60) payments will be made by direct milk check assignment.  The chapter 12 trustee shall make no payments on the claim.  No attorney fees, costs, nor late fees shall be added to the claim; the claim, as filed, is undersecured.  The claim will/may continue to be paid beyond the term of the plan.

**Class 10 - Wes Swanson:**

The claim of Wes Swanson (creditor) shall be paid in full, plus interest at 5% per annum.

The claim shall be paid direct by monthly milk check assignment of $1500 until paid in full. The trustee shall make no payments on the claim. The claim will/may continue to be paid beyond the term of the plan.

### Class 11– Burnips Equipment Company:

The claim of Burnips Equipment Company (creditor) shall be paid in full. Interest shall accrue on the claim at 5% per annum from the Effective Date. The trustee shall make monthly payments of $500 for 22 months, beginning in the month following the Effective Date, in satisfaction of the claim.

### Class 12 - Unsecured Claims:

Based on the Debtors' schedules, unsecured creditors would receive 100% repayment upon liquidation of the property of the estate. No liquidation analysis is attached.

All Allowed Unsecured Claims, and any Allowed Undersecured Claims, shall receive a pro rated share of each trustee distribution to this class of not less than 100% of the allowed claim, without interest, in periodic distributions from the chapter 12 trustee prior to completion of the plan. The trustee shall make all payments on the claims.

## ARTICLE 6
## PAYMENTS OF CLAIMS BEYOND THE TERM OF THE PLAN

Secured claims, except as provided above, may extend, by their terms, beyond the term of this Plan, and will/may continue to be paid over an extended period of time, as described above.

## ARTICLE 7
## EXECUTORY CONTRACTS

The Debtor(s) may reject any executory contract that they may determine to be burdensome, which rejection may be accomplished by filing with the Court an application to reject said contract, together with a certificate of a mailing of such notice upon all parties affected by such rejection on or before the entry of an Order by this Court of Confirmation of the Debtor(s) Plan of Reorganization and causing a hearing to be held on said notice either before or after confirmation. The Debtor(s) may withdraw and cancel his/her/their application and notice to reject by filing written notice of such withdrawal, together with a certificate of mailing thereof upon all parties affected thereby with the Court on or before the hearing by this Court.

Executory contracts and Unexpired Leases Relating to General Operations. Unless

specifically rejected, as provided above, or within this plan, all executory contracts and unexpired leases relating to the general farming operations, (**specifically including USDA program contracts**) farmland rentals, and any other operations of the Debtor(s), are hereby accepted and/or assumed.

## ARTICLE 8
## RETENTION OF JURISDICTION

Until this case is closed, the Court shall retain jurisdiction (i) to hear and determine all claims against Debtor(s) arising prior to the Confirmation Date, including the reasonableness of attorney fees added by over secured creditor(s) to the claim(s) after plan confirmation during the administration of the case  (ii) to hear and determine all claims and causes of action arising prior to the Confirmation Date which may exist in Debtor(s) favor if Debtor(s) shall seek such hearing and determination by the Court, (iii) to hear and determine all matters relating to the administration of the bankruptcy estate, (iv) to modify the Plan pursuant to the provisions of section 1229 of the Code, and (v) to make such orders as are necessary or appropriate to effectuate the provisions of the Plan in accordance with section 1226, 1227, and 1228 of the Code.  The Court shall retain jurisdiction until the plan is completed, or a discharge has been granted unless this case is dismissed or converted by the Court on a prior date.  This Article shall not be construed to alter post confirmation administrative rights or remedies.

## ARTICLE 9
## VESTING OF PROPERTY OF THE ESTATE

Except as provided in Section 1228 (a) of Title 11, United States Code, and except as provided in this Plan or the Order Confirming Plan, the property of the estate is vested in the Debtors free and clear of any claim or interest of any creditor provided for by this Plan, pursuant to Section 1227 (b) of Title 11, United States Code.

The secured creditors herein shall, pursuant to 11 USC §1225, retain their liens securing their interest up to the allowed amount of the claim.

## ARTICLE 10
## EFFECTIVE DATE OF PLAN

This Plan shall be effective on the date of the Order confirming the Plan; provided, however, that no appeal of the Order of Confirmation has been filed.  In the event such an appeal is filed, this Plan shall be effective as of the date the Order of Confirmation becomes final and binding on all parties.

# ARTICLE 11
# **MISCELLANEOUS PROVISIONS**

A. <u>Execution of Plan</u>:

    Business/dairy income:   The Debtor(s) shall generate the funds necessary for the execution of this Plan through the dairy farming operations.

    Land sale:   Acreage (appx. 165 acres) in Fairfield Township, Shiawassee County, MI is listed for sale, and shall be sold, after subsequent motion and notice.  The anticipated proceeds will pay off or greatly reduce the amounts owed to creditor claims in Class 1, Class 2, and Class 3, in Article 5.

    Equipment Sales: The Debtors will use their best efforts to clean up, advertise and sell the following list of equipment.  — skid steer, back hoe, 856 Int'l tractor, Super A Farmall, 10 ft Aerway tillage tool, 12 row White cultivator, Schuler mixer wagon, DMI gravity box, 1460 combine parts, milker parts, Noble chisel plow, Hinaker rotary hoe, and a header cart.----  The Debtors will consult with lien holder Isabella Bank regarding sale price and will deliver sale proceeds directly to Isabella Bank for application to short term note(s) as a special principal payment.

B. <u>Ordinary Course of Business</u>: -reserved-

C. <u>Co-Signers</u>:  If Buyers of the Debtor(s) farm products issue checks co-signed to lien holders, then the lien holder shall release the proceeds to the Debtor(s) so long as payments by the Debtor(s) to the Trustee and to creditors under this Plan are kept current.  In the alternative, the lien holder shall endorse the check payable to the Trustee.

D. <u>Other Income</u>:  Any and all income of the Debtor(s) which is paid to the Trustee by an entity or person, other than by the Debtor(s), shall be released by the Trustee to the Debtor(s), unless otherwise provided in this Plan or as directed by subsequent court order, so long as all payments by the Debtor(s) to the Trustee and to creditors under the Plan are kept current.  No additional orders shall be necessary and said releases to the Debtor(s) shall not be subject to the Trustee's commission.

E. <u>Case Administration</u> :  Notwithstanding, or in spite of any contrary interpretations of Articles 8 and 9, confirmation of the Plan shall not divest the court of any power or jurisdictional authority necessary to enter orders under 11 USC section 363, and/or section 1206, regardless of whether  property remains in the estate or is vested in the Debtor under the plan or as provided in the Bankruptcy Code.

F. <u>Consent</u> : Any "consent" required by 11 USC section 363, or other section of the Code, may be granted by an interested party, and shall be deemed to have been granted, by silence, or lack of objection, after appropriate notice as required by the Code and Bankruptcy Rules.

Date <u>April 15, 2019</u>   /s/ Kenneth L. Wyrick
Kenneth L. Wyrick, Debtor

Date <u>April 15, 2019</u>   /s/ Sandra K. Wyrick
Sandra K. Wyrick, Debtor

Date <u>April 15, 2019</u>   /s/ Daniel L. Kraft
Daniel L. Kraft, atty. (P37382)
The Kraft Law Firm, PLLC
320 W. Ottawa St.
Lansing, MI 48933
ph.# (517) 485-8885
email: kraftd3@sbcglobal.net